IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSEPH LLEWELLYN JOHNSON | Cause No. CV 19-60-GF-BMM-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| PATRICK MCTIGHE, | |
| Respondent. | |

This case comes before the Court on Petitioner Joseph Llewellyn Johnson's application for writ of habeas corpus under 28 U.S.C. § 2254. Johnson is a state prisoner proceeding pro se.

Because it appeared that one of Johnson's claims may be procedurally defaulted, Johnson was ordered to show cause as to why that claim should not be dismissed. (Doc. 6.) Johnson timely responded. (Doc. 7.) Following a review of Johnson's response, the State was directed to file certain documents from the state court record. See, (Docs. 8; 10; and 10-1 to 10-29.)

The Court is required to examine a petition for federal habeas corpus relief before requiring a response. See, Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition…that the petitioner is not entitled to relief in

1

the district court, the judge must dismiss the petition."  For the reasons explained

herein, Johnson is not entitled to relief and his petition should be denied.

## I.     Procedural History

Johnson challenges an August 15, 2016, judgment of conviction for two

counts of Aggravated Promotion of Prostitution, imposed in Montana's Eighth

Judicial District, Cascade County.  Johnson entered a plea of guilty to one of the

counts and nolo contendere to the second count, pursuant to a binding plea

agreement.  See, (Doc. 10-11.)  In exchange, the State agreed to dismiss two counts

of Sexual Servitude of a Child.  *Id*.  In addition to the Plea Agreement, Johnson

signed an Acknowledgement and Waiver of Rights form and participated in a

lengthy change of plea hearing with the district court.  See, (Docs. 10-12; 10-13.)

The district court imposed an aggregate 40-year sentence, with 27 of those years

suspended, in accordance with the parties' agreement.  (Doc. 10-14 at 1-2.)

After sentencing, Johnson filed a pro se motion to withdraw his guilty plea.

Johnson argued, in part, that trial counsel was ineffective for failing to move to

dismiss Counts I and II of the Information, which charged Johnson with Sexual

Servitude of a Child, in light of the fact that the Montana Legislature repealed the

statute.  (Doc. 10-15 at 6-8.)  The district court found Johnson's argument to be

illogical because he did not plead guilty to Sexual Servitude of a Child; those

counts were dismissed under the terms of the Plea Agreement.  (Doc. 10-18 at 5-6.)

Accordingly, counsel did not provide ineffective assistance.  *Id*.

Johnson's argument that his plea was not entered knowingly, was also unpersuasive.  The district court found that Johnson underwent a robust interrogation during his change of plea hearing where he indicated he understood: the plea agreement, his rights, the rights he was waiving, and the maximum and minimum penalties.  *Id*. at 4.  Johnson also advised he was not threatened, coerced, or offered special treatment.  *Id*.  Johnson stated he understood the Acknowledgment form and the rights he was giving up.  *Id*.  Johnston also indicated he was satisfied with his attorney and acknowledged every element of the offenses to which he plead guilty.  *Id*.  Thus, the court determined Johnson knowingly and voluntarily entered his pleas. See also, *Id*. at 7-8.

Johnson timely appealed the denial of his motion to withdraw.  The Montana Supreme Court found first that the 2015 Montana Legislature did not decriminalize the crime of Sexual Servitude of a Child.  Rather, the statute was amended, the penalty decreased, and it was moved to human trafficking section of the code.  See, *State v. Johnson*, 2019 MT 106N, Or. at 4-5 (Mont. May 7, 2019).[1]  The Court noted that Johnson did not plead guilty to Sexual Servitude of a Child, but instead to Aggravated Promotion of Prostitution.  The Court found Johnson's argument, that had he known about the statutory change it may have informed his decision

---

[1] See also, (Doc. 1-1 at 71-76.)

regarding whether or not to accept the plea agreement, unavailing.  *Id*. at 5.  The

Court observed that Johnson still obtained a benefit from the agreement, because

"he was convicted of two felony offense instead of four, and he received a sentence

substantially less than the maximum penalty for the four charges, even if the 2015

statutory penalty were to apply."  *Id*.  The Court affirmed the denial of Johnson's

motion to withdraw his guilty plea and the denial of his IAC claim.

Johnson also filed a state habeas petition asserting that he was entitled to

relief due to a purported lack of subject matter jurisdiction, because the charging

documents were based, in part, upon the felony Sexual Servitude statute which was

subsequently repealed.  Johnson then argued that the district court lacked

jurisdiction to issue an arrest warrant and his conviction, in turn, was void.  The

Montana Supreme Court denied relief finding that neither the arrest warrant nor

Johnson's conviction were void.  See, *Johnson v. Fender*, OP 17-0704, Or. at 2

(Mont. Jan. 23, 2018); see also, (Doc. 10-26.)

## II.     Johnson's claims

In his current petition, Johnson claims: (1) trial counsel provided ineffective

assistance for failing challenge the offenses leveled against him, in violation of his

constitutional rights, thus rendering his plea involuntary, (Doc. 1 at 7-16); and, (2)

the state district court failed to establish a factual basis for accepting Johnson's

plea to the uncharged offenses of Aggravated Promotion of Prostitution, *Id*. at 16-

19.

## III.    Analysis

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States.").

Additionally, because the Montana Supreme Court has addressed the merits of Johnson's claims, this Court's review of his claims is limited further.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal habeas court may not grant relief to a state prisoner whose claim has already been "adjudicated on the merits in State court," 28 U.S.C. § 2254(d), unless the claim's adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by [this] Court," § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); see also, *Johnson v. Williams*, 568 U.S. 289, 292 (2013).  AEDPA substantially limits the power of federal courts to grant habeas

relief to state prisoners, *Hurles v. Ryan*, 725 F. 3d 768, 777 (9th Cir. 2014), and

"demands that state court decisions be given the benefit of the doubt." *Woodford*

*v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  For the reasons explained below,

Johnson's petition should be denied.

      **i.**     **IAC of Trial Counsel/Involuntary Plea**

     Ineffective assistance of counsel claims are governed by *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must satisfy two

prongs to obtain habeas relief- deficient performance by counsel and prejudice.

466 U.S. at 678.  With respect to the performance prong, a petitioner must carry

the burden of demonstrating that his counsel's performance was so deficient that it

fell below an "objective standard of reasonableness."  *Id*. at 688.  " 'Judicial

scrutiny of counsel's performance must be highly deferential,' and 'a court must

indulge in a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance.'" *Knowles v. Mirzayance*, 556 U.S. 111, 124

(2009).  In assessing prejudice, the court "must ask if the defendant has met the

burden of showing that the decision reached would reasonably likely have been

different absent [counsel's] errors."  *Strickland*, 466 U.S. at 696.

     Additionally, this Court's review of the Montana Supreme Court's

determination that trial counsel did not perform deficiently is "doubly" deferential,

because *Strickland* requires state courts to give deference to choices made by

counsel, and AEDPA, in turn, requires this Court to defer to the determinations of state courts.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011)(quoting *Knowles*, 556 U.S. at 123.

As set forth above, and contrary to Johnson's assertions, the charge of Sexual Servitude of a Child was not repealed.  The 2013 version under which Johnson was charged, MCA § 45-5-310, was amended by the 2015 legislature and moved to a different section of the criminal code, MCA § 45-5-704 (2015).  The maximum penalty was decreased from a 100-year maximum/25-year minimum prison sentence under the 2013 statute[2] to a 25-year maximum sentence under the 2015 version.[3]  The 2015 version of the statute became effective on July 1, 2015. The conduct for which Johnson was charged occurred in June of 2015.

The essence of Johnson's argument is that had he been advised of the change in penalty to the Sexual Servitude of a Child statute, he would have been better able to make an informed decision in relation to the plea agreement and to the potential benefit he would receive.  But because his attorney did not advise him of the change in law, Johnson contends his plea was uninformed and he received no meaningful benefit from the agreement into which he entered.

As set forth above, the district court found Johnson's ineffective assistance

---

[2] See, Mont. Code Ann. § 45-5-310(2) (2013).
[3] See, Mont. Code Ann. § 45-5-704(1)(b) (2015).

7

of counsel claim to be "illogical."  Johnson could not establish his attorney

performed deficiently for failing to challenge or move to dismiss the Sexual

Servitude counts, because Johnson did not plead guilty to either count, they were

dismissed pursuant to the plea agreement.

Before this Court, Johnson maintains that he was entitled to be sentenced

under the 2015 version of the statute, because it was in effect at the time of his

sentencing.  But this argument was flatly rejected by the Montana Supreme Court:

> The State had the authority to charge Johnson with Sexual Servitude of
> Child pursuant to 45-5-310(1)(a), MCA (2013), for an offense that occurred
> prior to July 1, 2015.

*State v. Johnson*, 440 P.3d 640 (Mont. 2019).  Accordingly, Johnson's claim fails

here because it is premised upon an interpretation and application of state law,

which was denied by the Montana Supreme Court.  The decision that Johnson was

lawfully charged under the 2013 version of the Sexual Servitude statute is binding

upon this Court.  A state court's interpretation of state law, including one

announced on review of the challenged conviction, binds a federal court sitting in

habeas corpus.  See, *Bradshaw v. Rickey*, 546 U.S. 74, 75 (2005); *Hicks v. Feiock*,

485 U.S. 624, 629 (1988).  The Montana Supreme Court is the final authority on

state law.  *Sandstrom v. Montana*, 442 U.S. 510, 516-17 (1979).

Given the Montana Supreme Court's decision, Johnson cannot establish

either that his trial counsel performed deficiently under *Strickland* or that the

Montana Supreme Court's decision was contrary to and/or involved an
unreasonable application of clearly established Federal law under § 2254(d)(1).
Johnson is not entitled to federal habeas relief on this claim.

### ii.    Inadequate Factual Basis for Acceptance of Plea

In relation to his second claim, it appears that the crux of Johnson's
argument stems from the fact that the Second Amended Information, which
contained the amended charges of Aggravated Promotion of Prostitution (Counts
III and IV), was not filed with the district court until after Johnson was sentenced.
Although the reason for the delay in filing is unclear, the district court noted the
delay and observed:

> The State did not file the Second Amended Information reflecting these
> amended chares until August 26, 2016, after the Court sentenced Johnson.
> Although it is not the best practice, Johnson was fully informed of his rights,
> the charges, and their maximum and minimum penalties, and the
> consequence of his pleas before he entered his guilty/nolo contendere pleas.
> Accordingly, Johnson's right were not compromised.

(Doc. 10-18 at 2, fn. 1.)  The district court went on to note that the plea agreement
Johnson signed on the day his trial was set to begin demonstrates that he knew the
terms of his bargain with the State and that he was well aware that he was pleading
to the amended charges of Aggravated Promotion of Prostitution.  *Id*. at 7-8.  A
review of the record before this Court establishes that this state court decision was
a reasonable one.

The Plea Agreement signed by Johnson on May 16, 2016, reflects that

9

Counts III and IV were both amended to Aggravated Promotion of Prostitution.
See, (Doc. 10-11 at 2.)  The Agreement also sets forth the maximum potential
penalty for a conviction of Aggravated Promotion of Prostitution.  *Id.*  The
agreement further indicated the State was bound to recommend a 20-year sentence,
with 7 of those years suspended for Count III, and a consecutive fully suspended
20-year sentence on Count IV.  *Id.* at 3.  Additionally, under the agreement, the
State agreed to dismiss Counts I and II.  *Id.*

In conjunction with the written Plea Agreement, Johnson also signed an
Acknowledgment of Waiver of Rights by Plea of Guilty/Nolo Contedere form.
(Doc. 10-12.)  Johnson indicated his understanding that Counts III and IV were
amended to Aggravated Promotion of Prostitution.  *Id.* at 2.  Johnson also
acknowledged all of his constitutional rights associated with a trial and that by
entry of his plea he would be waiving those rights.  *Id.* at 2-3.

On June 13, 2016, the district court conducted a change of plea hearing.  See
generally, (Doc. 10-13.)  During this proceeding, Johnson was advised of the
penalties for Aggravated Promotion of Prostitution in relation to both Counts III
and IV.  *Id.* at 7-8.  The court then discussed in detail the rights that Johnson was
waiving.  *Id.* at 8-10.

Johnson acknowledged it was his intention to plead guilty to the Aggravated
Promotion of Prostitution in relation to Count III.  Specifically, Johnson admitted

that on June 18, 2015, he purposely or knowingly compelled Breanna Ingalls ("Ingalls") to engage in prostitution. *Id*. at 13-14. In relation to Count IV, Johnson indicated his intent to enter a no contest plea. Under questioning, Johnson agreed that based upon a review of the evidence, there was a substantial likelihood that if the case went to trial a jury would likely convict him of Aggravated Promotion of Prostitution for compelling Francisco Johnson ("Francisco") to promote the prostitution of another within Cascade County. *Id*. at 14-15. Johnson also acknowledged that he stood to benefit from Ingalls' activities. *Id*. at 15. The court then reviewed and confirmed the amended charges with Johnson. *Id*. at 15-16. The court clarified with Johnson that he and Francisco brought two girls to Montana for the purpose of engaging in prostitution and that he and Francisco obtained money, or at least anticipated receiving money, from these illicit activities. *Id*. at 16, 19.

Finally, Johnson indicated he was not under the influence of any chemical, physical, or mental impairment that impacted his ability to participate in the change of plea proceedings. *Id*. at 16. Johnson stated he understood all of his rights, including the rights he was waiving by virtue of his guilty/no contest pleas. *Id*. Johnson also acknowledged he was pleading guilty only because he was guilty of the offenses and/or that he believed the state could prove the charges beyond a reasonable doubt. *Id*. at 17. Further, Johnson stated he was not threatened, forced, or coerced to enter his pleas. *Id*. Finally, he indicated he was satisfied with

11

counsel and that he had adequate time to meet with his attorney to discuss the evidence, trial strategy, acknowledgment of rights form, and the plea agreement. *Id*. at 18.  Johnson admitted he was entering his pleas voluntarily.  *Id*. at 19.

A review of the record before this Court indicates that the pleas Johnson entered to Aggravated Promotion of Prostitution, pursuant to the binding plea agreement, were made voluntarily, knowingly, and intelligently and that he was sufficiently aware of the relevant circumstances and likely consequences.  See, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).  Johnson was aware of the charges against him, including the elements of Aggravated Promotion of Prostitution.  *Id*. He was advised of his right to a jury trial, his right to confront his accuser(s), and his privilege against self-incrimination.  See *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969).  Johnson also indicated his understanding of the consequences of his plea including the range of potential punishment.  *Little v. Crawford*, 449 F. 3d 1075, 1080 (9th Cir. 2006).  There is no indication that the State's failure to timely file the Second Amended Information affected any of these rights.  Accordingly, the state courts reasonably denied this claim under § 2254(d)(2).  There is adequate support in the record for the factual basis of the charges of Aggravated Promotion of Prostitution and Johnson's guilty/no contest pleas and also for the state courts' denial of the claim.  This Court should afford deference to the state court decision under AEDPA. The claim should be denied.

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Johnson has not made a substantial showing that he was deprived of a constitutional right.  Accordingly, this Court must afford deference to the Montana Supreme Court's resolution of Johnson's claims.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Johnson's Petition (Doc. 1) should be DENIED.

2.  The Clerk of Court should be directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Johnson may object to this Findings and Recommendation within 14 days.[4]  28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Johnson must immediately notify the Court of any change in his mailing address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 26th day of June, 2020.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Johnson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.