IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSEPH LLEWELLYN JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>PATRICK McTIGHE,<br><br>Respondent. | CV 19-60-GF-BMM-JTJ<br><br><br>**ORDER** |

Pro se Petitioner Joseph Llewellyn Johnson applied for a writ of habeas corpus under 28 U.S.C. § 2254 on September 3, 2019. (Doc. 1.) Johnson challenges his guilty plea to one count of Aggravated Promotion of Prostitution and his nolo contendere plea to a second count of the same crime. (Doc. 10-11.) Under the plea agreement, the State dismissed two counts of Sexual Servitude of a Child. (*Id.*)

Judge Johnston entered Findings and Recommendations on June 26, 2020. (Doc. 11.) The Court reviews for clear error any portion of the findings and recommendations to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d. 1309, 1313 (9th Cir. 1981). Neither party filed objections.

1

Johnson makes two challenges, but neither survive clear error review. First, Johnson claims that his trial counsel provided ineffective assistance ("IAC") by neglecting to advise him of the change in penalty to the Sexual Servitude of a Child statute. (Doc. 1 at 7-16.) He argues that the IAC caused him to be unduly coerced to plead guilty/nolo contendere, thereby rendering his plea involuntary. (*Id.*)

Judge Johnston rejected Johnson's claim of IAC. Judge Johnston agreed with the state district court and found Johnson's argument that his trial counsel performed deficiently to be "illogical" because Johnson did not plead guilty to Sexual Servitude of a Child (Doc. 10-18 at 5-6.) The State dismissed those counts under the terms of the Plea Agreement. (Doc. 10-11.)

Second, Johnson claims that the state district court failed to establish a factual basis for accepting his plea of guilty/nolo contendere to the uncharged offenses of Aggravated Promotion of Prostitution. (*Id.* at 16-19.) Johnson argues that the state district court did not file the Second Amended Information, which contained the amended charges of Aggravated Promotion of Prostitution, until after the imposition of his sentence. (*Id.*) Judge Johnston rejected Johnson's claim of inadequate factual basis for acceptance of plea. Judge Johnston's review found that although the State did not file the Second Amended Information until after Johnson had been sentenced, Johnson entered his pleas to Aggravated Promotion of

Prostitution voluntarily, knowingly and intelligently, aware of the circumstances and consequences.

The Court sees no clear error in Judge Johnston's conclusions. The Court also agrees with Judge Johnston's conclusion that Johnson should be denied a certificate of appealability, under Rule 11(a), Rules governing § 2254 Proceedings. Johnson did not make a "substantial showing of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, **IT IS ORDERED:**

1. Judge Johnston's Findings and Recommendations (Doc. 11) are **ADOPTED IN FULL.**

2. Petitioner Joseph Llewellyn Johnson's Petition (Doc. 1) is **DENIED**.

3. The Clerk of Court enter judgment in favor of Respondent and against Petitioner.

4. A certificate of appealability is **DENIED.**

DATED this 20th day of July, 2020.

_____
Brian Morris, Chief District Judge
United States District Court